IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LPP MORTGAGE LTD.,**

        **Plaintiff,**

v.                                       No. CIV 14-0367 RB/CEG

**WORLDWIDE CHRISTIAN AID, INC.,**
a New Mexico Nonprofit Corporation;
**BAPTIST CHURCH PENSION AND
RETIREMENT FUND, INC.,** a New Mexico
Nonprofit Corporation; **FIRST FINANCIAL
BANK, N.A.,** a National Banking Association;
**ALMA A. SAUL; CONCEPTION S. ALIVIADO;
THE ESTATE OF RAYMUNDO E. ALIVIADO;
ALICE M. BENSON;** and any **UNKNOWN
CLAIMANTS OF INTEREST IN THE PROPERTY,**
and **UNKNOWN HEIRS,**

        **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Verified Motion for Appointment of Receiver. (Doc. 3). Jurisdiction arises under 28 U.S.C. § 1332. Defendants Worldwide Christian Aid, Inc. (Worldwide) and Alma A. Saul (collectively "Defendants") oppose the motion. Having considered the submissions of counsel, the record, and relevant law, the Court denies this motion.

**I.    Background**

On April 23, 2004, Defendant Worldwide executed a Business Loan Agreement and a Promissory Note for the purpose of borrowing $315,000 from Plaintiff's predecessor in interest. (Docs. 1-1 and 1-2). The loan was secured by a Mortgage and an Assignment of Rents on real

property and improvements thereon consisting of an eighteen-unit mobile home park in Albuquerque, New Mexico (Property). (Docs. 1-3 and 1-6). The Mortgage and the Assignment of Rents provide for rights and remedies on default, including the appointment of a receiver. (Docs. 1-3 at 4, and 1-6 at 2). Defendants Alma Saul, Raymundo Aliviado, and Conception Aliavado executed Commercial Guaranty Agreements guaranteeing payment of the Note by Worldwide. (Docs. 1-4 and 1-5). The Note, Mortgage, Assignment of Rents, and Agreements were assigned to Plaintiff on October 15, 2011. (Doc. 1-9).

On November 7, 2012, Plaintiff brought suit in New Mexico state district court to collect the debt and foreclose on the Property. *See LLP Mortgage v. Worldwide, et al.,* No. D-202-CV-2012-10366. The parties negotiated a Settlement Agreement and Release and entered into a Modification Agreement. (Docs. 1-10 and 1-11). The Modification Agreement requires monthly payments of $1,761.23 beginning on June 1, 2013. (Doc. 1-11). According to Plaintiff, Worldwide failed to make payments as agreed and Defendants failed to comply with demand letters. (Doc. 1). On November 14, 2013, Plaintiff notified Defendants of the default. (Doc. 1-13). Thereafter, Plaintiff brought this action seeking recovery of money owed and foreclosure on the mortgage.

Plaintiff moves for appointment of a receiver to take possession of the Property and collect rent during the pendency of this action. (Doc. 3). Plaintiff states that Worldwide continues to collect rent from the Property but has failed to account for or turn over any portion of the rent. (*Id.*) Plaintiff estimates the gross monthly income generated by the Property at $4,500 to $6,175. (*Id.*) Plaintiff nominated Avanti Corporate Services, LLC to serve as receiver without bond. (*Id.*) Defendants oppose the motion and assert that Worldwide is not in default, the assignment of rents was not a negotiated term, and the terms regarding an appointment of a

receiver constituted a contract of adhesion. Defendants maintain that the Property is operated at a 99 percent occupancy rate and the current manager is more qualified to operate the Property than the proposed receiver. Additionally, Defendants assert that Plaintiff has not properly credited payments to the account and Defendants offer to make payments to the Court registry.

**II.     Standard**

Federal Rule of Civil Procedure 66 addresses the appointment of receivers in federal court:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

Fed. R. Civ. P. 66.

**III.    Discussion**

Plaintiff relies on New Mexico Receivership Act, N.M. Stat. Ann. §§ 44-8-1 to 44-8-10, in support of its request for appointment of a receiver. Although not addressed by the parties, the New Mexico Receivership Act does not govern the appointment of a receiver in this case. Rather, the appointment of a receiver in this case is governed by federal law. *See Sterling v. Stewart,* 158 F.3d 1199, 1201 (11th Cir. 1998) ("Federal law governs the appointment of a receiver by a federal court exercising diversity jurisdiction."); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993) ("The appointment of a receiver in a diversity case is a procedural matter government by federal law and federal equitable principals"); Fed. R. Civ. P. 66 and Advisory Committee's Note; 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2983 (2014) (explaining that the appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable

principles). Accordingly, Plaintiff's request for appointment of a receiver pursuant to the New Mexico Receivership Act is without legal basis.

The Tenth Circuit has emphasized that the appointment of a receiver is an extraordinary equitable remedy that is only justified in extreme situations. *See Skirvin v. Mesta*, 141 F.2d 668, 673 (10th Cir. 1944); *Waag v. Hamm*, 10 F. Supp. 2d 1191, 1193 (D. Colo. 1998). Indeed, appointment of a receiver is a remedy that "should be resorted to only on a plain showing of some threatened loss or injury to the property, which the receivership would avoid." *Gordon v. Washington*, 295 U.S. 30, 39 (1935). Because a receiver "unquestionably interfere[s]" with an owner's right to otherwise control its property a federal district court should appoint a receiver only when necessary, and when the plaintiff clearly and satisfactorily shows that an emergency exists and the receiver is needed to protect the property interests of the plaintiff. *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 825 (3d Cir. 1959); *Garden Homes, Inc. v. United States*, 200 F.2d 299, 301 (1st Cir. 1952) ("[b]ecause receivership interferes very seriously with the defendant's property rights, a party seeking the appointment of a receiver must generally show some threatened loss or injury to the property that the receivership would avoid.").

The Mortgage and the Assignment of Rents do not automatically entitle Plaintiff to the appointment of a receiver. Notably, "it is well established that a court of equity has power to appoint a receiver to preserve and protect mortgaged property pending foreclosure. But the appointment of a receiver as incidental relief is no more a matter of course in a foreclosure suit than it is in any other situation wherein a receivership may be appropriate." *Garden Homes, Inc.*, 200 F.2d at 301 (citation omitted). Even where a borrower agrees in the mortgage to the appointment of a receiver on default, such appointment is not automatic but remains subject to legal considerations and discretionary factors. *See Britton v. Green*, 325 F.2d 377, 382 (10th Cir.

1963) (affirming appointment of a receiver where mortgagee of leasehold interests sought to protect its co-tenancy against allegedly unfaithful operating trustee and to conserve the property from waste). Thus, the loan documents are not the deciding factor. Rather, the Court has discretion to appoint a receiver.

Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are: (1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that property will be lost, concealed, or diminished in value; (4) inadequacy of available legal remedies; (5) lack of a less drastic equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good. *Aviation Supply Corp.,* 999 F.2d at 316-17; Wright & Miller, *supra,* § 2983.

Application of these factors to the matter at hand leads to the conclusion that appointment of a receiver would be inappropriate. Although Plaintiff has demonstrated the existence of a valid claim, it has not established any of the other relevant factors. Specifically, Plaintiff has not shown fraudulent conduct has occurred or will occur to frustrate the claim. Nor has Plaintiff shown the existence of imminent danger that the Property will be lost, wasted, or diminished in value. Plaintiff does not allege that Defendants have damaged or will damage the Property in any manner. There is simply no evidence of waste or dissipation. Plaintiff's interest in the rent payments is protected by the existence of adequate legal remedies. The rent involves the payment of certain sums of money subject to ready calculation. Thus, should Plaintiff prevail on the merits, its entitlement to rent is compensable as money damages. Nor has Plaintiff shown that it will likely suffer irreparable harm. Defendants assert that the Property is actively managed with a high occupancy rate. Plaintiff does not contest this assertion. Finally, receivership may do

more harm than good. The cost and expense of the suggested receiver is likely significant. Further, appointment of a receiver would unnecessarily complicate this action. Under these circumstances, equitable considerations do not weigh in favor of a receiver.

In the response, Defendants offer to deposit the modified payments into the Court registry. The Court finds this suggestion to be well-taken and will issue a separate order allowing Defendants to deposit the modified payments into the Court registry.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Verified Motion for Appointment of Receiver (Doc. 3) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**