IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


LPP MORTGAGE LTD.,

      Plaintiff,

v.                                                                             No. CIV 14-0367 RB/CG

WORLDWIDE CHRISTIAN AID, INC.,
a New Mexico Nonprofit Corporation;
BAPTIST CHURCH PENSION AND
RETIREMENT FUND, INC., a New Mexico
Nonprofit Corporation; FIRST FINANCIAL
BANK, N.A., a National Banking Association;
ALMA A. SAUL; CONCEPTION S. ALIVIADO;
THE ESTATE OF RAYMUNDO E. ALIVIADO;
ALICE M. BENSON; and any UNKNOWN
CLAIMANTS OF INTEREST IN THE PROPERTY,
and UNKNOWN HEIRS,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment Against

Defendant Alice M. Benson, Defendant First Financial Bank N.A, and Defendant the Estate of

Raymundo E. Aliviado, filed on August 21, 2015 (Doc. 140).  The Court's jurisdiction arises

under 28 U.S.C. § 1332.  Having considered the record and relevant law, the Court will **GRANT**

this motion and will issue default judgments against Defendant Alice M. Benson, Defendant

First Financial Bank N.A, and Defendant the Estate of Raymundo E. Aliviado.

**I.      Background**

On April 23, 2004, Defendant Worldwide Christian Aid, Inc. executed a Business Loan

Agreement and a Promissory Note for the purpose of borrowing $315,000.00 from Charter Bank

of Santa Fe, Plaintiff's predecessor in interest.  (Docs. 1-1 and 1-2.)  The loan was secured by a

Mortgage and an Assignment of Rents on real property and improvements thereon consisting of

Ortega Park, an eighteen-unit mobile home park in Albuquerque, New Mexico (Property).

(Docs. 1-3 and 1-6.)

On April 23, 2004, Roger Saul, Alma A. Saul, Conception S. Aliviado, and Raymundo E.

Aliviado executed Commercial Guaranty Agreements guaranteeing payment of the Note by

Defendant Worldwide Christian Aid, Inc.  (Docs. 1-4 and 1-5.)  Raymundo E. Aliviado is

deceased.  (Doc. 1.)  In the Complaint, Plaintiff seeks a money judgment against Defendant the

Estate of Raymundo E. Aliviado.  (*Id.*)

Plaintiff does not seek a money judgment against Defendant Alice M. Benson or

Defendant First Financial Bank N.A.  (Doc. 1.)  Rather, Plaintiff seeks to foreclose any interest

that these Defendants might have in the Property.  (*Id.*)  More specifically, Plaintiff alleges that

Defendant Alice M. Benson may claim an interest in the Property by virtue of a Fixed Rate Note

recorded in Book A136, Page 5557 as Document No. 2007-65688, and a Mortgage dated May 3,

2007, recorded in Book A136, Page 5558, as Document No. 2007-65689, in the real estate

records of Bernalillo County, New Mexico.  (Doc. 1.)  Additionally, Plaintiff alleges that

Defendant First Financial Bank N.A. may claim an interest in the Property by virtue of a

Transcript of Judgment in *First Financial Bank v. Roger Saul and Alma Saul*, recorded May 18,

2011, as Document No. 2011-46853, in the real estate records of Bernalillo County.  (*Id.*)

The Note, Mortgage, Assignment of Rents, and Guaranty Agreements were assigned to

Plaintiff on October 15, 2011.  (Doc. 1-9.)  On November 7, 2012, Plaintiff brought suit in New

Mexico state district court to collect the debt and foreclose on the Property.  *See LLP Mortgage

v. Worldwide Christian Aid, Inc., et al.*, No. D-202-CV-2012-10366.  The parties negotiated a

Settlement Agreement and Release and entered into a Modification Agreement.  (Docs. 1-10 and 1-11.)

The parties to the Settlement Agreement were Plaintiff, Worldwide Christian Aid Inc., Baptist Church Pension and Retirement Fund, Inc., Roger S. Saul, Alma A. Saul, Conception S. Aliviado, the Estate of Raymundo E. Aliviado (deceased), and Alice M. Benson, as Vice-President of the Baptist Church Pension and Retirement Fund, Inc.  (Doc. 1-11.)  The Modification Agreement required Worldwide Christian Aid Inc. to pay Plaintiff monthly payments of $1,761.23 beginning on June 1, 2013.  (*Id.*)  Notably, the Modification Agreement stated that the unpaid principal balance as of January 23, 2013, was $242,993.54, with interest paid to October 12, 2012.  (*Id.*)  The correct date of the interest calculation was October 12, 2011, not October 12, 2012.  (*Id.*)  However, the sum stated in the Modification Agreement reflected the amount that the parties agreed was owed at the mediation.  (*Id.*)

Defendant Worldwide Christian Aid, Inc. failed to pay the loan as agreed under the terms of the Modification Agreement.  (Doc. 1-11.)  Plaintiff declared the note to be in default and accelerated the balance due.  (*Id.*)  Defendant Worldwide Christian Aid, Inc. stopped making regular payments in June 2013.  (Doc. 81.)  On November 14, 2013, Plaintiff notified Defendants of the default and demanded payment.  (Doc. 1-13.)

On April 18, 2014, Plaintiff filed suit in this Court for payment of money owed and to foreclose on the Property.  (Doc. 1-11.)  Plaintiff alleges that Plaintiff is entitled to judgment against Defendants in the principal sum of $241,377.75, plus interest, late fees, attorney fees, tax, costs and expenses.  (Doc. 1.)  On September 1, 2015, the Clerk issued an Entry of Default against Defendant First National Bank, N.A.  (Doc. 144.)  On September 1, 2015, the Clerk issued an Entry of Default against Defendant the Estate of Raymundo E. Aliviado.  (Doc. 145.)

On September 9, 2015, the Clerk issued an Entry of Default against Defendant Alice M. Benson. (Doc. 149.) Plaintiff now moves for default judgments against these three Defendants.

## II.      Legal Standard

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a plaintiff to obtain a default judgment. First, a plaintiff must obtain an entry of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Entry of default by the Clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment. *See Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (describing the entry of default as "a prerequisite for the entry of a default judgment"); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2682, at 13 (3d ed. 1998) ("Prior to obtaining a default judgment . . ., there must be an entry of default by the clerk . . . ."). Upon entry of a default by the Clerk, the well-pleaded allegations in the complaint are deemed admitted. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006) (unpublished); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

Second, in most cases, a plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court may enter a default judgment without a hearing if the "amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A Wright & Miller, § 2688 (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). In determining the amount of damages to be awarded, the Court may conduct

an evidentiary hearing or it may, in appropriate circumstances, rely on detailed declarations or documentary evidence. *See* Fed .R. Civ. P. 55(b)(2)(B).

## III.    Discussion

### A.    Defendant Alice M. Benson and Defendant First Financial Bank, N.A.

Defendant Alice M. Benson and Defendant First Financial Bank, N.A. may have some interest in the Property. Defendant Alice M. Benson's potential interest in the Property arises from a Mortgage recorded on May 3, 2007, in Book A136, Page 5558, as Document No. 2007-65689, in the real estate records of Bernalillo County. (Doc. 140-1.) Defendant First Financial Bank, N.A.'s potential interest in the Property arises from a Transcript of Judgment in *First Financial Bank v. Roger Saul and Alma Saul*, recorded on May 18, 2011 as Document No. 2011-46853, in the real estate records of Bernalillo County. *See* Transcript of Judgment. (Doc. 140-2.)

Plaintiff's interest in the Property arises from a Mortgage that was recorded on April 27, 2004 in Book A76, Page 6062 as Document No. 2004056219, in the real property records of the Office of the County Clerk of Bernalillo County. (Doc. 1-3.) In that Plaintiff's Mortgage was recorded on April 27, 2004, it has priority over Defendant Alice M. Benson's Mortgage recorded on May 3, 2007, and Defendant First Financial Bank, N.A.'s Transcript of Judgment recorded on May 18, 2011. The record plainly demonstrates that the interests in the Property of Defendant Alice M. Benson and Defendant First Financial Bank N.A. are subordinate to Plaintiff's interest in the Property. Additionally, Defendant Alice M. Benson and Defendant First Financial Bank N.A. failed to file responsive pleadings and the Clerk has filed an Entry of Default as to each of these Defendants. Because the record establishes that Plaintiff is entitled to the relief sought, the

5

Court will enter default judgments foreclosing any interest that Defendant Alice M. Benson or Defendant First Financial Bank, N.A. might have in the Property.

### B.    Defendant the Estate of Raymundo E. Aliviado

The Commercial Guaranty states that Raymundo E. Aliviado "absolutely and unconditionally guarantee[d] and promise[d] to pay, jointly and severally,. . . the indebtedness . . . of Worldwide Christian Aid, Inc." (Doc. 1-5.) The Commercial Guaranty expressly provides that it "shall bind Guarantor's estate as to indebtedness created both before and after Guarantor's death or incapacity." *Id.* The record demonstrates that Defendant the Estate of Raymundo E. Aliviado guaranteed repayment of the loan and that Defendant Worldwide Christian Aid, Inc. failed to repay the debt as agreed. Additionally, Defendant the Estate of Raymundo E. Aliviado failed to file a responsive pleading and the Clerk has filed an Entry of Default as to this Defendant. Because the record establishes that Plaintiff is entitled to the relief sought, the Court will enter a default judgment against Defendant the Estate of Raymundo E. Aliviado.

In determining the amount of damages to be awarded, the Court may rely on declarations and documentary evidence if the amount claimed is capable of mathematical calculation. *See* Fed .R. Civ. P. 55(b)(2)(B). Plaintiff's damages are readily ascertainable through mathematical calculations. The record establishes that Defendant Worldwide Christian Aid Inc.'s current indebtedness is as follows: (1) Unpaid principal balance in the amount of $241,377.75; (2) unpaid accrued interest through August 21, 2015 in the amount of $82,127.35, a sum that is calculated by adding unpaid accrued interest at the Note/Contract rate from July 1, 2013 through November 29, 2013 ($6,168.85) to unpaid accrued interest at the Default rate from November 30, 2013 through August 21, 2015 ($75,958.50); (3) default interest at 18% per annum from August 21, 2015 to the date on which the judgment is satisfied in the amount of $120.69 per day;

(4) late charges in the amount of $440.30; (5) expenses that will be calculated after submission of a costs bill; and (6) attorneys' fees that will be calculated after submission of a costs bill. (Affidavit of Stuart Miles, Doc. 138-2 and Loan Transaction History, Doc. 138-3.)

In that Plaintiff's damages are readily ascertainable through mathematical calculations, the Court will enter judgment in favor of Plaintiff and against Defendant the Estate of Raymundo E. Aliviado in the amount of $323,945.40, plus $120.69 per day in interest from August 22, 2015 until the date judgment is satisfied. Additionally, Plaintiff may file a motion to recover costs and attorneys' fees within thirty days.

## IV.    Conclusion

The relief that Plaintiff seeks against Defendant Alice M Benson and Defendant First Financial Bank, N.A. is readily ascertainable by a review of the dates on which the parties' property interests were filed in the real estate records of Bernalillo County. The monetary relief that Plaintiff seeks from Defendant the Estate of Raymundo E. Aliviado is a sum that is readily ascertainable through mathematical calculations. Under these circumstances, the Court will enter default judgments in favor of Plaintiff and against Defendant Alice M. Benson, Defendant First Financial Bank N.A, and Defendant the Estate of Raymundo E. Aliviado.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment Against Defendant Alice M. Benson, Defendant First Financial Bank N.A, and Defendant the Estate of Raymundo E. Aliviado, filed on August 21, 2015, (Doc. 140), is **GRANTED**.

 

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

7