IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LPP MORTGAGE LTD.,

      Plaintiff,

v.                                                      No. CIV 14-0367 RB/CG

WORLDWIDE CHRISTIAN AID, INC.,
a New Mexico Nonprofit Corporation;
BAPTIST CHURCH PENSION AND
RETIREMENT FUND, INC., a New Mexico
Nonprofit Corporation; FIRST FINANCIAL
BANK, N.A., a National Banking Association;
ALMA A. SAUL; CONCEPTION S. ALIVIADO;
THE ESTATE OF RAYMUNDO E. ALIVIADO;
ALICE M. BENSON; and any UNKNOWN
CLAIMANTS OF INTEREST IN THE PROPERTY,
and UNKNOWN HEIRS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Motion to Intervene filed by Roger Saul and the Motion to Intervene filed by Alma Saul on October 8, 2015. (Docs. 159 and 161.) The Court's jurisdiction arises under 28 U.S.C. § 1332. Roger Saul and Alma Saul are pro se. Having considered the submissions of counsel and relevant law, the Court will **DENY** these motions.

**I.**     **Background**

On April 23, 2004, Defendant Worldwide Christian Aid, Inc. executed a Business Loan Agreement and a Promissory Note for the purpose of borrowing $315,000.00 from Charter Bank

of Santa Fe, Plaintiff's predecessor-in-interest.  (Docs. 1-1 and 1-2.)  The loan was secured by a Mortgage and an Assignment of Rents on real property and improvements thereon consisting of Ortega Park, an eighteen-unit mobile home park in Albuquerque, New Mexico (Property).  (Docs. 1-3 and 1-6.)  Roger Saul, Alma A. Saul, Conception S. Aliviado, and Raymundo E. Aliviado executed Commercial Guaranty Agreements guaranteeing payment of the Note by Defendant Worldwide Christian Aid, Inc.  (Docs. 1-4 and 1-5.)  The Note, Mortgage, Assignment of Rents, and Guaranty Agreements were assigned to Plaintiff on October 15, 2011.  (Doc. 1-9.)

On November 7, 2012, Plaintiff brought suit in New Mexico state district court to collect the debt and foreclose on the Property.  *See LLP Mortgage v. Worldwide Christian Aid, Inc., et al.*, No. D-202-CV-2012-10366.  On or around May 1, 2013, the parties negotiated a Settlement Agreement and Release and entered into a Modification Agreement.  (Docs. 1-10 and 1-11.)  The parties to the Settlement Agreement were Plaintiff, Worldwide Christian Aid, Inc., Baptist Church Pension and Retirement Fund, Inc., Roger S. Saul, Alma A. Saul, Conception S. Aliviado, the Estate of Raymundo E. Aliviado (deceased), and Alice M. Benson, as Vice-President of the Baptist Church Pension and Retirement Fund, Inc.  (Doc. 1-11.)

Therein, Defendant Worldwide agreed to "pay LPP accrued interest in the amount of $23,772.00." (Settlement Agreement.)  Defendant Worldwide also agreed to "pay LPP the sum of $1,228.00 for attorney's fees and costs." (*Id.*)  The total cash amount paid to LPP under the terms of the Settlement Agreement was $25,000.00.  (*See id.*)  The effective date of the Settlement Agreement was May 15, 2013.  (*Id.*)  The Settlement Agreement referred to a Modification Agreement, which altered some of the terms of the Loan Documents in accordance with the Settlement Agreement.  (*Id.*)

The Modification Agreement required Worldwide Christian Aid, Inc. to pay Plaintiff monthly payments of $1,761.23 beginning on June 1, 2013. (Doc. 1-11.) Notably, the Modification Agreement stated that the unpaid principal balance as of January 23, 2013, was $242,993.54, with interest paid to October 12, 2012. (*Id*.) The correct date of the interest calculation was October 12, 2011, not October 12, 2012. (*Id.*) However, the sum stated in the Modification Agreement reflected the amount that the parties agreed was owed at the mediation. (*Id.*)

Defendant Worldwide Christian Aid, Inc. failed to pay the loan as agreed under the terms of the Modification Agreement. (Doc. 1-11.) Plaintiff declared the Note to be in default and accelerated the balance due. (*Id.*) Defendant Worldwide Christian Aid, Inc. stopped making regular payments in June 2013. (Doc. 81.) On November 14, 2013, Plaintiff notified Defendants of the default and demanded payment. (Doc. 1-13.)

On April 18, 2014, Plaintiff filed suit in this Court for payment of money owed and to foreclose on the Property. (Doc. 1-11.) Plaintiff alleges entitlement to judgment against Defendants in the principal sum of $241,377.75, plus interest, late fees, attorney fees, tax, costs and expenses. (Doc. 1.)

Roger Saul and Alma Saul move to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Roger Saul and Alma Saul's stated purpose is to request that the Court impose sanctions on Plaintiff under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff opposes the Motions to Intervene.

## II.     Legal Standard

Rule 24(a) of the Federal Rules of Civil Procedure permits a party to intervene as of right into a suit if the party "claims an interest relating to the property or transaction that is the subject

of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Alternatively, Rule 24(b) allows permissive intervention under the following conditions: (i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b). In determining whether to permit a third-party to intervene under Rule 24(b), the court must consider whether "the intervention would unduly delay or prejudice the adjudication of the rights of the original parties." *Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1195 (D. N.M. 1999). Notably, under either subsection (a) or subsection (b) of Rule 24, a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *See* Fed. R. Civ. P. 24(c).

## III.     Discussion

The Motions to Intervene are procedurally defective because they were not accompanied by a pleading setting out a claim or defense. Additionally, the Motions are untimely. The Tenth Circuit has recognized the following factors as being relevant when deciding the timeliness element: "(1) the length of time the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). Here, over eighteen months have elapsed since the case was filed. Plaintiff has filed a Motion for Summary Judgment that is fully briefed and ready for ruling. Trial is set to commence in two months. Roger Saul has delayed this action by falsely claiming to be Defendants Alice M. Benson and Conception Aliviado and filing documents

under false pretenses.  (Doc. 127.)  Given these factors, Plaintiff would be prejudiced by intervention.

Roger Saul and Alma Saul do not have a legally cognizable interest in the subject matter of this action so as to support their Motions to Intervene.  It bears underscoring that Rule 24(a) requires the Court to allow a person to intervene only if the person submits a timely motion and is either "given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Rule 24(b) allows the Court to permit a person to intervene who "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."  When exercising its discretion to permit intervention under Rule 24(b), the Court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *Id.* at (b)(3).

Roger Saul and Alma Saul do not own the Property.  Roger Saul and Alma Saul did not personally borrow money to finance the Property.  While Roger Saul and Alma Saul signed a Commercial Guaranty, Roger Saul's bankruptcy in 2011 and Alma Saul's bankruptcy in 2014 extinguished Plaintiff's ability to seek relief from them.  Roger Saul and Alma Saul have no claim against Plaintiff related to the Property or the Loan Documents and they have no defense to Plaintiff's claims.  The Sauls' stated purpose for the Motions to Intervene, i.e., to request that the Court impose sanctions on Plaintiff's counsel, shares no common question of law or fact with the merits of this case.  For these reasons, Roger Saul and Alma Saul do not have a legally cognizable interest in the subject matter of this action so as to support their Motions to Intervene.

## IV.     Conclusion

The Motions to Intervene are procedurally defective and untimely. Roger Saul and Alma Saul do not have a legally-cognizable interest in this action that would justify intervention.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Intervene filed by Roger Saul and the Motion to Intervene filed by Alma Saul on October 8, 2015 (Docs. 159 and 161) are **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**