IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LPP MORTGAGE LTD.,

      Plaintiff,

v.                                                  No. CIV 14-0367 RB/CG

WORLDWIDE CHRISTIAN AID, INC.,
a New Mexico Nonprofit Corporation;
BAPTIST CHURCH PENSION AND
RETIREMENT FUND, INC., a New Mexico
Nonprofit Corporation; FIRST FINANCIAL
BANK, N.A., a National Banking Association;
ALMA A. SAUL; CONCEPTION S. ALIVIADO;
THE ESTATE OF RAYMUNDO E. ALIVIADO;
ALICE M. BENSON; and any UNKNOWN
CLAIMANTS OF INTEREST IN THE PROPERTY,
and UNKNOWN HEIRS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees, Non-Taxable Costs, and Expenses, filed on January 6, 2016. (Doc. 189.) Defendants have not responded to the Motion. Jurisdiction is based on diversity. *See* 28 U.S.C. § 1346. For the reasons set forth herein, the Court will grant the motion in part as described herein.

    **I.**    **Background**

On April 23, 2004, Defendant Worldwide Christian Aid, Inc. ("Defendant Worldwide") executed a Business Loan Agreement and a Promissory Note for the purpose of borrowing $315,000.00 from Charter Bank of Santa Fe, Plaintiff's predecessor-in-interest. (Docs. 1-1 and 1-2.) The Loan was secured by a Mortgage and an Assignment of Rents on real property and

improvements thereon consisting of Ortega Park, an eighteen-unit mobile home park in Albuquerque, New Mexico (Property).  (Docs. 1-3 and 1-6.)  The Business Loan Agreement, Promissory Note, and Mortgage were signed by Roger S. Saul, as Treasurer of Defendant Worldwide, and Alma A. Saul, as President of Defendant Worldwide.  (Docs. 1-1, 1-2, 1-3.)  Roger S. Saul, Alma A. Saul, Conception S. Aliviado, and Raymundo E. Aliviado executed Commercial Guaranty Agreements guaranteeing payment of the Promissory Note by Defendant Worldwide.[1]  (Docs. 1-4 and 1-5.)  The Business Loan Agreement, the Promissory Note, the Mortgage, the Assignment of Rents, and the Commercial Guaranty Agreements (collectively "Loan Documents") were assigned to Plaintiff on October 15, 2011.  (Doc. 1-9.)

Defendant Worldwide failed to pay the Loan as agreed.  (Doc. 138-1.)  On April 18, 2014, Plaintiff filed suit in this Court for payment of money owed and to foreclose on the Property.  (Doc. 1-11.)  In their Answer, Defendant Worldwide and Defendant Baptist Church Pension and Retirement Fund, Inc. (hereinafter "Defendants") asserted counterclaims for breach of contract and the breach of the covenant of good faith and fair dealing.[2]  (Doc. 12.)

On April 14, 2015, Plaintiff filed a Request for Evidentiary Hearing Due to Fraud on the Court.  (Doc. 92.)  Therein, Plaintiff asserted that Non-Party Roger Saul filed pleadings and sent correspondence to the Court with the signatures of former pro se parties Alice M. Benson, Conception S. Aliviado and Alma A. Saul, without their knowledge or approval.  (*Id*.)  Plaintiff requested that the Court dismiss the counterclaims filed by Ms. Benson and Ms. Aliviado and sanction Roger Saul.  (*Id*.)

---

[1] Roger S. Saul is the spouse of Alma A. Saul.  Conception S. Aliviado and the late Raymundo E. Aliviado are the parents of Alma A. Saul.
[2] The claims against Alma A. Saul and Conception S. Aliviado were dismissed by stipulated order.  (Docs. 126 and 178.)  Default judgments were entered in favor of Plaintiff and against Alice M. Benson, the Estate of Raymundo E. Aliviado, and First Federal Bank, N.A.  (Docs. 173, 174, and 175.)

On May 6, 2015, the Court held an evidentiary hearing and received the testimony of Ms. Benson, Ms. Aliviado, Ms. Saul, and Roger Saul (Doc. 120), and the Court issued Findings of Fact, Conclusions of Law, and Order Striking Documents and Imposing Sanctions. (Doc. 127.) Therein, the Court determined that Roger Saul engaged in vexatious conduct by forging the signatures of Ms. Benson, Ms. Aliviado, and Ms. Saul on pleadings filed with the Court. (*Id*.) Due to Mr. Saul's outrageous conduct, the Court dismissed the counterclaims filed by Ms. Benson and Ms. Aliviado and imposed sanctions on Mr. Saul by awarding reasonable attorneys' fees and costs to Plaintiff in an amount to be determined. (*Id*.) Plaintiff submitted documentation of the attorneys' fees and costs (Doc. 125), and the Court ordered Roger Saul to pay $44,077.58 in attorneys' fees to Plaintiff as sanctions for his fraudulent and vexatious conduct. (Doc. 182.)

Plaintiff filed a Motion for Summary Judgment (Doc. 138), which was granted on all claims. (Doc. 183.) On December 23, 2015, the Court entered Judgment in favor of Plaintiff and against Defendants in the amount of the unpaid principal balance of the loan, $241,377.75, plus accrued interest in the amount of $82,127.35 as of August 21, 2015 with interest continuing to accrue at $120.69 per day, plus late fees in the amount of $440.30. (Doc. 184.) The Judgment provided that the Court would award Plaintiff its expenses, costs, and attorneys' fees by separate order. (*Id.*)

On January 6, 2016, Plaintiff filed a Motion to Tax Costs Against Defendants. (Doc. 188.) Defendants did not respond to the motion. On February 25, 2016, the Clerk issued an Order Settling Costs in favor of Plaintiff in the amount of $4,534.13. (Doc. 203.)

On January 6, 2016, Plaintiff filed its Motion for Attorneys' Fees, Non-Taxable Costs, and Expenses against Defendants. Therein, Plaintiff requests attorneys' fees in the amount of

3

$204,842.50, non-taxable costs in the amount of $1,271.16, and expenses in the amount of $9,691.73. (Doc. 189.) Plaintiff requests that Defendants and Roger Saul be held jointly and severally liable for the $44,077.58 in attorneys' fees that were attributable to Mr. Saul's fraudulent and vexatious conduct. (*Id.*) Additionally, Plaintiff requests that the Court retain jurisdiction and permit Plaintiff to submit a motion for attorneys' fees incurred for post-judgment relief. (*Id.*) Defendants did not respond to the motion. On February 1, 2016, the Court ordered Plaintiff to supplement the record with the time records of its attorneys. (Doc. 196.) On February 8, 2016, Plaintiff filed a Sealed Supplement to the Motion for Attorneys' Fees with the billing records. (Doc. 200.)

**II.     Discussion**

The Mortgage provides that Plaintiff is permitted to recover "all reasonable expenses [Plaintiff] incurs that in [Plaintiff's] opinion are necessary at any time for the protection of its interest." (Doc. 1-3.) These recoverable expenses include "attorneys' fees and expenses . . . , the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees and title insurance" as well as "any court costs" and "all other sums provided by law." (*Id.*)

The Mortgage is governed by New Mexico law. (Doc. 1-3.) New Mexico applies the American Rule regarding attorneys' fees, where, absent some reason to divert from the general rule, "the prevailing party . . . does not receive attorney fees." *Key v. Chrysler Motors Co.*, 998 P.2d 575, 581 (N.M. Ct. App. 2000) (quoting *Schroeder v. Mem'l Med. Ctr.*, 945 P.2d 449, 451 (N.M. 1997)). However, contracting parties may include a provision in their contract that, if one party sues the other, and that suit relates to the contract, the winner of the suit will be awarded the attorneys' fees and costs reasonably and necessarily incurred in bringing or defending the

4

contract suit. *See Fort Knox Self Storage, Inc. v. W. Techs., Inc.*, 142 P.3d 1, 8–9 (N.M. Ct. App. 2006) (affirming an award of attorneys' fees and costs under such a clause). "The trial court may abuse its discretion if it does not award attorneys' fees contrary to a contractual provision entitling the prevailing party to reasonable attorneys' fees." *See Hedicke v. Gunville*, 62 P.3d 1217, 1224 (N.M. Ct. App. 2002). Thus, Plaintiff is entitled to reasonable attorneys' fees and expenses pursuant to the contractual provision in the Mortgage.

Plaintiff requests $191,274.00 in attorneys' fees plus $13,568.50 in gross receipts taxes for a total amount of $204,842.50 for the time period of November 12, 2013 through December 31, 2015. (Doc. 200-1.) In determining the reasonableness of an attorneys' fee award, a court should consider a variety of factors, including: (1) the time and effort required, considering the complexity of the issues and the skill required; (2) the customary fee in the area for similar services; (3) the results obtained and the amount of the controversy; (4) time limitations; and (5) the ability, experience, and reputation of the attorney performing the services. *Thompson Drilling, Inc. v. Romig*, 736 P.2d 979, 983 (N.M. 1987).

As to the first factor, Attorney Douglas R. Vadnais claims 371.70 hours, Attorney Jeremy K. Harrison claims 319.70 hours, Attorney Jennifer A. Noya claims one hour, and Attorney Spencer Edelman claims 5.3 hours. (Affidavit of Jeremy K. Harrison, Doc. 189-1.) Paralegal Margie Schell claims 0.50 hours, Paralegal Adolfo Barraza claims 2.50 hours, Paralegal Leann Gallegos claims 3.70 hours, and Stephanie Taylor claims 2.0 hours. (*Id.*) This is a reasonable amount of time considering the complexity of the case. The second factor under *Thompson Drilling* is the customary fee in the area for similar services. Mr. Vadnais and Ms. Noya charge $300.00 per hour and Mr. Harrison and Mr. Edleman charge $240.00 per hour. Ms. Schell charges $180.00 per hour, Mr. Barraza and Ms. Gallegos charge $170.00 per hour, and Ms.

Taylor claims $160.00 per hour. The Court finds that these rates are reasonable given the Court's experience and the supporting affidavit. There were no specific time limitations. Defendants do not question the experience, reputation and ability of defense counsel and Plaintiff's counsel obtained a favorable result. In sum, the *Thompson Drilling* factors weigh in favor of Plaintiff's request. Multiplying the applicable rates with the reasonable hours expended results in $191,274.00 in fees and adding applicable gross receipts tax of $13,568.50 results in a total fee award of $204,842.50. In addition to the fees, Plaintiff claims reimbursement for non-taxable costs in the amount of $1,271.16 and expenses in the amount of $9,691.73. The Court finds that the requested fees, non-taxable costs, and expenses are reasonable considering the complexity and contentiousness of the case.

Plaintiff may not obtain double recovery but Defendants and Roger Saul are jointly and severally liable for the $44,077.58 in attorneys' fees that were attributable to Mr. Saul's fraudulent and vexatious conduct. (Doc. 182.) The Court will retain jurisdiction to permit Plaintiff to submit a motion for attorneys' fees and costs incurred for post-judgment relief.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees, Non-Taxable Costs, and Expenses (Doc. 189) is **GRANTED** in part as described herein.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**